## COYLE v. STAHL *et al.*
## STAHL v. COYLE.

Nos. 3296 and 4860.   Opinion Filed July 7, 1914.

Rehearing Denied August 11, 1914.

(142 Pac. 389.)

**APPEAL AND ERROR**—Trusts—Reference—Appeal—Creation of Trust—**Sufficiency of Evidence.** C. was the owner of large mortgage and judgment liens upon lots upon which was situated a hotel property, and had purchased same at a foreclosure sale. S., the owner of the lots, withdrew her objections to the confirmation of the sale, and same was confirmed, passing complete record title to C.   To accomplish this, C. entered into a private agreement with S. that if she would withdraw her objections, let the sale be confirmed, give possession of the hotel without further resistance, together with its furniture (not in the foreclosure), C. would manage the property and credit the net revenues derived therefrom on the indebtedness, and restore the property to S. when the indebtedness was discharged.   This suit was brought two years thereafter to have C. declared to be holding the same as a trustee for S., and that an accounting be had.   The court upon hearing evidence sustained the claim of a trust relation between the parties and ordered an accounting.   The referee heard the evidence, and reported that C. had sold or traded the property (to persons not in the suit or charged with notice of the trust); that thereafter the buildings were burned; that C. held against the property $8,077.49; that the property was of the value of $3,500 when delivered to C. and at the time it was destroyed.   **Held,** that S. should be decreed to take nothing by her suit; that the trust relation was terminated by the suit; that the title to the lots, both legal and equitable, should be established and quieted in C. free and fully discharged from the trust, and that the decree of the trial court be modified to conform to this holding.

(Syllabus by Brewer, C.)

*Error from District Court, Noble County;*
*Wm. M. Bowles, Judge.*

Action by M. A. Stahl and another against W. H. Coyle, wherein two judgments were rendered, from which both parties bring error.   Modified and affirmed.

*P. W. Cress,* for plaintiff in error.

*E. M. Clark* and *A. H. Boles,* for defendants in error.

Opinion by BREWER, C.   In July, 1906, Mrs. M. A. Stahl was the owner and in possession of lots 32, 33, and 34

in block 24 in the city of Perry, Noble county, Okla. The property was heavily incumbered by mortgages and judgment liens. A sale in foreclosure had been made, W. H. Coyle being the purchaser thereat, and being also the owner of the various liens against the property. Objections to the confirmation of the sale made by Mrs. Stahl, who will hereafter be called plaintiff, were pending in the court. These objections were withdrawn and an order of confirmation entered, vesting the legal title to the lots in Coyle, who will hereafter be called defendant. Shortly after this order of the court, the defendant went into possession of the property, the same being a hotel, and thereafter received the rents and profits from the same. The plaintiff instituted this suit on the 26th day of June, 1908, and, after averring substantially the above state of facts, alleged in substance, that the defendant entered into a contract with her at the time she withdrew her objection to the confirmation of the sale, in which it was agreed that she should withdraw same, permit the confirmation of the sale, surrender possession of the property to defendant, together with valuable furniture and fixtures contained in the hotel, and that plaintiff was to hold and manage the same, receiving the rents and profits thereon, and, after deducting expenses, taxes, insurance, etc., credit the remaining revenues upon the amount due on account of the mortgages and liens against the property, until such time as the net revenues had extinguished the amount of the indebtedness against the property; that therefore, while defendant so held under a technical legal title, yet because of this fact he was really holding in trust for the benefit of plaintiff, and that his possession in the matter was that of a mortgagee in possession. Plaintiff also alleged that the revenues from the property had been sufficient to discharge the obligations outstanding against it, and she prayed that defendant be adjudged as holding the same as trustee for her, and that an accounting be ordered between the parties, and that she be declared the owner of the property free and clear of any claims upon the part of defendant. Issue was joined on this petition, and the evidence was submitted to

the court, and it sustained plaintiff's contention and ordered that an account be taken and stated between the parties, and for this purpose appointed Hon. H. A. Smith as referee to take said accounting, and report his findings of fact and conclusions of law at the succeeding term of court. The defendant took exception to this judgment and order of the court and appealed therefrom to this court, said appeal being numbered 3296. Thereafter the referee took testimony and heard arguments in the case, and stated the account between the parties. In this report, which is somewhat lengthy, the referee found that the plaintiff was still indebted to the defendant in the sum of $8,077.49, after allowing her credit for the rents and profits received from the buildings, and charging her with interest on the original sums of money due by her, together with subsequent taxes, insurance, etc., expended on the property. The referee also found that the property at the time the same was received by Coyle was of the value of $3,500, and that its value remained practically unchanged until it was later destroyed by fire; that the property had been sold or traded in the meantime. Thereafter the court entered judgment confirming the report of the referee, and decreed that the defendant have and recover of and from the plaintiff the sum of $8,077.49, and interest, and that said judgment be a lien upon the property in controversy. The court further decreed that the plaintiff have and be given a period of six months from the date of the judgment to pay to defendant the amount of same, and interest, and that in the event she should do so, the title of the property be quieted in her, and that the defendant be forever barred from claiming any right, title, or interest in the same. The court further decreed that in the event plaintiff should not pay said judgment within the time named, defendant should have execution and order of sale against the property, and that the same should be sold and the proceeds thereof applied on said judgment, the balance, if any remaining, to be paid to plaintiff. The court further adjudged that the costs be taxed one half against plaintiff and the other one half against defendant. From this last judgment the plaintiff appeals and

brings this branch of the case here as No. 4860. The two appeals have been consolidated, and the whole case will therefore be disposed of as though it were but one appeal.

1. The first appeal by defendant complains of the ruling of the court that he held the property in a trust capacity, and that an accounting should be had, and of the appointment of a referee. This contention is not sound. It is abundantly, we are tempted to say conclusively, shown that there was an agreement between these parties substantially as stated in plaintiff's petition, and that this agreement induced the withdrawal of the protest against the confirmation of the foreclosure sale, through which defendant took the legal title; that it also resulted in plaintiff turning defendant into possession of the furniture of the hotel, which was not included in the sale. This item was a consideration for the agreement. And while several nice law points are urged, we are sure they could be demonstrated to be unsound under the facts; but we deem it unnecessary to go into them, in view of the decision of the main case, brought up in the second appeal.

2. On the second appeal nothing is brought up but the report of the referee and the judgment of the court pronounced thereon. In this situation the findings of the referee are accepted as true and binding in the case. This leads inevitably to the affirmance of the court's order confirming the report; but the form of the decree and the terms thereof and the relief granted do not seem to us to be a proper application of the law to the facts found. Defendant Coyle held the legal record title, and it is not contended but that, so far as notice was concerned, he could, and did, convey the title to innocent purchasers. The buildings thereafter were burned. As between defendant and plaintiff, there was a trust relation; and ordinarily, if plaintiff had been able to show that she had fully performed her part of the trust agreement by paying, through rents and profits, or otherwise, all the money due defendant, and that defendant had it in his power to restore the property, the order would have been that he do so; if out of his power to restore the

property, plaintiff would have been awarded damages in the amount of the value of the property, and, if need be, could possibly have followed and impressed a lien on any property received in exchange for the trust property. Again, if plaintiff had only partially discharged her trust obligation, but had reduced same to a point where the property was of greater value than the sum due defendant, she would have been entitled to pay the difference and have the property restored if defendant could restore it; defendant not being able to do so, she would have been entitled to judgment for the excess of the property value above the amount against it. But as this case really stands, defendant was no longer in a position to restore the property; it had passed to persons not affected by the trust. Plaintiff, by her suit, forced the settlement and termination of the trust relation through the accounting she obtained. It was found that her trust obligation was $8,077.49, and that at the time of the establishment of the trust relation, and when the property was destroyed, its value was only $3,500. This being true, she was entitled to no relief. If defendant had still owned the property, so he could have reconveyed it to her, it would have been all right to allow her time to redeem it, even though to do so she would have to pay over $8,000 to get back a $3,500 property. But, as defendant could not reconvey, and as plaintiff could show no right to a conveyance of the property, or to damages in lieu thereof, the court could allow her nothing.

The litigation concerning this property seems to have existed, in one form or another, through many years, and it ought to come to an end. We can only judge of the rights and equities of the parties from the record before us, and a modification of the decree entered at the trial, so as to apply the correct principles of the law to the established facts, will dispose of the case. To accomplish this the decree should be so modified as to confirm the report of the referee, and, in substance, adjudge and decree that plaintiff take nothing by her suit; that the title to the lots involved, both legal and equitable, be established and quieted in defendant free and discharged of the

trust; the costs of the trial court were divided between the parties in the decree, and this order will not be disturbed. The costs of these two appeals should also be taxed, one-half to each of the parties.

This results in an affirmance of the final judgment in the case as modified herein.

By the Court: It is so ordered.